**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTOPHER KESSLER,**

        **Plaintiff,**

**-vs-**                                                 **Case No. 6:06-cv-1442-Orl-19JGG**

**LIFESAFER SERVICE PROVIDERS,**
**LLC,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **MOTION FOR ORDER PERMITTING COURT SUPERVISED NOTICE TO EMPLOYEES OF OPT-IN RIGHTS (Doc. No. 42)**
>
> **FILED:**    **April 6, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

**I.    PROCEDURAL HISTORY**

    On September 20, 2006, Plaintiff Christopher Kessler filed a "collective action" complaint on behalf of himself and "others similarly situated." Docket 1. The unverified complaint alleges that Kessler worked for Defendant Lifesaver Service Providers, LLC as a service technician and that Defendant failed to pay Kessler for hours in excess of 40 in a work week in violation of the Fair Labor

Standards Act of 1938, as amended ("FLSA"). Docket 1 at ¶¶ 1, 6. Kessler alleges he was paid a weekly salary. Docket 42-2 at ¶ 4. Defendant's answer denies all of the essential allegations supporting Kessler' claim and asserts *inter alia* that Kessler is an exempt employee. Docket 20.

Plaintiff contends that Jeremy DiFiore has opted into the action as a plaintiff. DiFiore, however, has only filed answers to Court Interrogatories. Docket 38. DiFiore has not filed a notice of consent to join the action as a plaintiff.

On April 6, 2007, Kessler filed the motion now before the Court. Docket No. 42. Kessler asks that the Court certify this case as a collective action, and enter an order authorizing Plaintiff to send notice to past and present employees of Defendant seeking their consent to opt-in. In support of the motion, Kessler and DiFiore filed affidavits.

The affidavits of Kessler and DiFiore are largely identical. Kessler alleges that he was paid a bi-weekly salary, and did not receive additional pay for hours worked over 40 in a workweek. Docket 42-2 at ¶ 6. Kessler claims that there are 10 individuals who worked for Defendant who performed similar duties to him and who were paid in the same manner. Docket 42-2 at ¶ 8. DiFiore's affidavit repeats these same allegations. Docket 42-3.[1] Defendant claims that Kessler and DiFiore were Service Managers, not Service Technicians. Docket 45-3 at ¶ 4. Defendant further claims that the job duties of these two groups are not the same, and that some Service Technicians work on a part-time hourly basis. Docket 45-3 at ¶ 5. Defendant also states that has employed approximately 14 total employees at any one time. Docket 45-3 at ¶ 3. Both Kessler and DiFiore state

---

[1] DiFiore's pay stubs also reflect that he received "regular payment" and "overtime payment." Docket 34-3 at 3; Docket 34-4 at 3. The amounts on the pay stubs varied.

that they "anticipate that other current and former salary paid employees will join this litigation if they are given notice of it. . . ." Docket 42-2 at ¶ 9; Docket 42-3 at ¶ 9.

On April 20, 2007, Defendant filed its memorandum in opposition in which it contends that Kessler has not met his burden to show that the potential plaintiffs are "similarly situated" employees and that there is an insufficient showing that others are interested in opting in. Docket No. 45.

## II.   STANDARD FOR CERTIFICATION OF A COLLECTIVE ACTION

An FLSA action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees **similarly situated**." 29 U.S.C. § 216(b) (emphasis added). In order to maintain a collective action under § 216(b), the named plaintiff must establish that the potential plaintiffs are "similarly situated" employees. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001); *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1567 - 68 (11th Cir. 1991).

Kessler thus bears the burden of demonstrating that the other employees are "similarly situated." This burden is less stringent than that for joinder or for certification of a class action under Federal Rules of Civil Procedure 20(a) or 23, respectively.[2] *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). A plaintiff need only demonstrate that his or her position is "similar, not

---

[2] The Eleventh Circuit has delineated several reasons why the "similarly situated" requirement under § 216(b) is considerably less stringent than the class action requirements under Federal Rule of Civil Procedure 23. *See, e.g., Cameron-Grant v. Maxim Healthcare Serv., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003). First, under § 216(b), even if a plaintiff can demonstrate that the potential plaintiffs are "similarly situated" employees, the plaintiff has no independent right to represent such individuals. *See id.* at 1249. Instead, the potential plaintiffs must file with the district court written consent to become a party plaintiff. 29 U.S.C. § 216(b). Thus, unlike most Rule 23 class actions, a § 216(b) action does not become a collective action unless another plaintiff affirmatively chooses to opt into the class. *See Cameron-Grant*, 347 F.3d at 1249. "[I]n contrast, to Rule 23 class actions, the existence of a collective action under § 216(b) does depend on the active participation of other plaintiffs." *Id.* The difference between Rule 23 class actions and § 216(b) collective actions is therefore a "fundamental, irreconcilable difference[.]" *Id.*

identical" to the positions held by the potential plaintiffs. *Id.* While a plaintiff's burden is not particularly strict, "unsupported allegations that FLSA violations were widespread and that additional plaintiffs" exist are insufficient to establish that similarly situated employees exist. *Haynes v. Singer, Co., Inc.,* 696 F.2d 884, 887 (11th Cir. 1983).

The United States Court of Appeals for the Eleventh Circuit has "suggest[ed]" that district courts use a "two-tiered approach to certification of § 216(b) opt-in classes." *Hipp*, 252 F.3d at 1218-19 (11th Cir. 2001). Under this approach, the first tier is the "notice stage," in which the district court determines whether to grant "conditional certification" of a representative collective action under the FLSA. *Id.* at 1218. The Eleventh Circuit noted:

> At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential [plaintiffs]. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class.

*Hipp*, 252 F.3d at 1218. When the district court grants conditional certification, potential plaintiffs receive notice and the opportunity to "opt-in." Under the Eleventh Circuit's recommended approach, the case thus proceeds as a collective action through the close of discovery. *Id.* After the completion of discovery, the defendant may initiate the "second tier" by filing a motion for "decertification." *Id.* At this second stage, the district court makes a factual determination as to whether the claimants are "similarly situated." *Id.* If the claimants are not similarly situated, the district court "decertifies" the group; the opt-in plaintiffs are then dismissed without prejudice; and the original "representative" plaintiff continues to trial (or otherwise) on his or her original claim. *Id.*

According to the Eleventh Circuit, the two-tiered approach is an "effective tool for district courts to use in managing these often complex cases, and we suggest that district courts in this circuit

adopt it in future cases." *Id.* at 1219. The Eleventh Circuit notes, however, that "[n]othing in [the Eleventh Circuit] precedent . . . requires district courts to utilize this approach." *Id.* Indeed, the decision to create an opt-in collective action under § 216(b) remains "soundly within the discretion of the district court." *Id.*

**III.    ANALYSIS**

Congress's purpose in authorizing collective actions under the FLSA was to avoid multiple lawsuits where "numerous employees" have allegedly been harmed by the same violation. *Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003). A potential class of ten employees simply is not large enough to justify class treatment.

Additionally, Kessler does not satisfy his burden of showing that additional employees are interested in opting into the case. The case has been pending for over seven months. Although no formal notice has been authorized, only DiFiore has expressed interest in opting in. Further, neither Kessler nor DiFiore provide any specific facts to support their belief that other employees are interested in opting in. *See, Grayson*, 79 F.3d at 1097 (movant may meet burden with "detailed allegations supported by affidavits"). Certification of a collective action and notice to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit. *See, Mackenzie v. Kindred Hosps. East, L.L.C.*, 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003).

The Court, therefore, **RECOMMENDS** that Plaintiff's motion to conditionally certify the case as a collective action be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 26, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett