UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTOPHER KESSLER,**

        **Plaintiff,**

**-vs-**                                               Case No.  6:06-cv-1442-Orl-19JGG

**LIFESAFER SERVICE PROVIDERS, LLC,**

        **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Defendant Lifesafer Service Provides, LLC's Motion for Summary Judgment (Doc. No. 50, filed Dec. 21, 2007);

2. Notice of Filing Affidavit of Ryan J. Kozloski (Doc. No. 51, filed Dec. 21, 2007);

3. Notice of Filing Affidavit of Terry Lynch (Doc. No. 52, filed Dec. 21, 2007);

4. Notice of Filing Deposition Transcript (Doc. No. 53, filed Dec. 21, 2007);

5. Notice of Filing Deposition Transcript (Doc. No. 54, filed Dec. 21, 2007);

6. Notice of Filing Deposition Transcript (Doc. No. 55, filed Dec. 21, 2007); and

7. Plaintiff's Response Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 58, filed Jan. 23, 2008).

## Background

Defendant Lifesafer Service Provides, LLC installs and monitors ignition interlock devices in DUI offenders' vehicles either by Court Order or pursuant to the Department of Highway Safety and Motor Vehicle Requirements.  (Doc. No. 53-2, p. 9).  Plaintiff Kessler was employed as a

Service Manger/Service Technician at Defendant's Debary, Florida facility from February 2004 until June 2006. (Doc. No 54-2, p. 5). Since February 2004, Plaintiff DiFiore has been employed as a Service Technician/Manager in Defendant's Mount Dora, Florida facility. (Doc. No. 58-2, ¶ 5). Both Plaintiffs performed the same job duties at different facilities. (Doc. No. 54-2, p. 5; Doc. No. 58-3, ¶ 5).

Plaintiffs Christopher Kessler and Jeremy DiFiore assert the underlying claim for unpaid overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), codified as 29 U.S.C. Section 201 *et seq.* (*See* Doc. No. 1; Doc. No. 38). Defendant now moves for summary judgment arguing that Plaintiffs are exempt from the FLSA's overtime provisions because they are administrative employees. (Doc. No. 50). Plaintiffs oppose Defendant's motion. (Doc. No. 58).

## Standard of Review

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is only appropriate when the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. The moving party has the burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston*

*v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.*

**Analysis**

The FLSA's overtime provisions apply to employees who: (1) engage in commerce; (2) engage in the production of goods for commerce; or (3) are employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1). The employee bears the burden of proving that he is covered by the FLSA. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006) ("Under FLSA, an employer is required to pay overtime compensation if the employee can establish enterprise coverage or individual coverage."). However, an employer can avoid paying overtime compensation if it proves that one of the FLSA's exemptions applies. *Wouters v. Martin County, Fla.*, 9 F.3d 924, 929 (11th Cir. 1993), *cert. denied*, 513 U.S. 812 (1994); *see also* 29 U.S.C. § 213. Exemptions are narrowly construed against the employer. *Wouters,* 9 F.3d at 929. Generally, "[w]hether employees are exempt from the requirements of the Fair Labor Standards Act involves a question of fact." *Hodgson v. Colonnades, Inc.*, 472 F.2d 42, 47 (5th Cir. 1973).[1]

An employee who is "employed in a bona fide executive, administrative, or professional capacity" is exempt from the FLSA's overtime provisions. 29 U.S.C. § 213(a)(1). An employee qualifies for the administrative exemption if the following conditions are met: (1) he is compensated

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted the decisions of the United States Court of Appeals for the Fifth Circuit that were handed down prior to October 1, 1981 as binding precedent.

on a salary basis or fee basis at a rate of not less than $455 per week;[2] (2) his "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (3) his "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). For the purposes of the administrative exemption, an employee's work is "directly related to the management or general business operations" if his work is "directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment." 29 C.F.R. § 541.201(a). Such work is ancillary to the employer's principal production activity, and includes work in areas such as finance, accounting, budgeting, quality control and purchasing. *See* 29 C.F.R. § 541.201(b); *see also, e.g., Renfro v. Ind. Mich. Power Co.*, 370 F.3d 512, 517 (6th Cir. 2004). Whereas, work that generates the products or services that the employer provides to the public does not fall within the administrative exemption. *Renfro*, 370 F.3d at 517; *Reich v. John Alden Life Ins. Co.*, 126 F.3d 1, 9 (1st Cir. 1997).

For an employee to meet the primary duty prong, his "primary duty must be the performance of exempt work." 29 C.F.R. § 541.700(a). Primary duty is defined as "the principal, main, major or most important duty that the employee performs." *Id.* An employee's primary duty is determined on a case-by-case basis by considering "the character of the employee's job as a whole." *Id.* In reaching its decision the trier of fact considers, but is not limited to, the following factors:

---

[2] It is undisputed that both Plaintiffs exceed the minimum salary threshold. (Doc. No. 50, p. 3, ¶¶ 11-12); (Doc. No. 58, p. 5). Therefore, there is no need to engage in further analysis with respect to this condition.

> [1] the relative importance of the exempt duties as compared with other types of duties; [2] the amount of time spent performing exempt work; [3] the employee's relative freedom from direct supervision; and [4] the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

*Id.* An employee who spends greater than half of his time at work performing exempt work generally meets the primary duty requirement. 29 C.F.R. § 547.700(b). However, an employee who spends less than half of his time performing exempt work may still meet the primary duty requirement on the basis of other factors. *Id.*

With respect to primary duty, Defendant contends that Plaintiffs' primary duties were exempt work because their "daily responsibilities included financial and accounting duties, as they both had to ensure the money collected matched what was in the computer, made bank deposits and calculated and confirmed their accuracy and prepared daily reports." (Doc. No. 50, p. 12). Defendant cites testimony from both Plaintiffs in support of its argument. (*See, e.g.,* Doc. No. 53-2, pp. 25-27 (DiFiore testified that he made bank deposits, maintained client records, and prepared sales reports for the home office); Doc. No. 54-2, p. 5 (Kessler testified that he performed the same job duties as DiFiore)). However, Plaintiffs have produced evidence which could support a finding that both of their primary duties were nonexempt work. (*See, e.g.,* Doc. No. 58-2, ¶¶ 15-16 (DiFiore testified that he usually spent less than one hour per day performing his clerical duties and that the rest of his time was spent performing nonexempt work such manual labor); Doc. No. 58-3, ¶ 8 (Kessler testified that most of his time during the work week was spent doing manual labor). Additionally, both Plaintiffs testified that their most important task was servicing and installing the ignition interlock devices Lifesafer provides. (Doc. No. 58-2, ¶16; Doc. No. 58-3, ¶ 15).

In deciding a motion for summary judgment, the court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). Defendant has not satisfied its burden of proving that there is no genuine issue as to whether either of the Plaintiffs' primary duty was exempt work. Because there is a genuine issue of material fact appearing in the record, the Court cannot conclude that the administrative exception applies at this stage of the proceedings.

## Conclusion

The Court **DENIES** Defendant's Motion for Summary Judgment (Doc. No. 50).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 19, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record